UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GLENDAL J. RHOTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:25-cv-00170-JPH-MKK |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Respondent. | ) |

**ORDER TO SHOW CAUSE**

Glendal Rhoton has recently filed multiple petitions for habeas corpus under 28 U.S.C. § 2254. In cause number 2:25-cv-00113-JPH-MJD, it originally appeared to the Court that Mr. Rhoton was attempting to challenge his convictions under state cause number 49G05-0809-PC-204910. The Court directed Mr. Rhoton to show cause why the action should not be dismissed as an improper successive habeas corpus action. *See* dkt. 7 in No. -00113. However, Mr. Rhoton subsequently clarified that he actually was challenging his convictions under state court cause number 49G02-0207-PC-190045, which convictions were used to enhance his sentence in 49G02-0809-PC-204910. *Id.*, dkt. 10.

But, in this action, Mr. Rhoton expressly states in his amended petition that he is challenging state court cause number "49G05-0809-PC-204910." Dkt. 9 at 1. So, the Court repeats here what it originally told Mr. Rhoton in cause number -00113: Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides that upon preliminary consideration by the district

1

court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

This would be Mr. Rhoton's third improper attempt to file a successive petition challenging his convictions under state court cause number 49G05-0809-PC-204910. Under the state cause number Mr. Rhoton is challenging here, he was convicted in 2010 of murder and burglary and admitted to being a habitual offender. His convictions were affirmed in *Rhoton v. State*, 938 N.E.2d 1240 (Ind. Ct. App. 2010), and the denial of his petition for post-conviction relief was affirmed in *Rhoton v. State*, No. 49A05-1311-PC-563 (Ind. Ct. App. Oct. 8, 2014).

Mr. Rhoton first sought habeas relief in this Court, challenging these convictions, in case number 2:15-cv-00102-WTL-DKL. Mr. Rhoton's habeas petition was denied, and the action was dismissed with prejudice. *Rhoton v. Brown*, 2016 WL 3902605 (S.D. Ind. July 19, 2016) (denying petition), 2019 WL 11718986 (S.D. Ind. May 28, 2019) (denying motion for relief from judgment). Mr. Rhoton's appeal to the Seventh Circuit was dismissed. *See Rhoton v. Brown*, 2017 WL 11684192 (7th Cir. 2017); *Rhoton v. Brown*, 2019 WL 11718991 (7th Cir. 2019). His certiorari petition to the United States Supreme Court was also denied. *See Rhoton v. Brown*, 138 S. Ct. 1260 (2018); *Rhoton v. Brown*, 140 S. Ct. 2519 (2020). Mr. Rhoton has since filed two more habeas actions in this court, both of which were dismissed as improper successive petitions: *Rhoton v.*

*Indiana Dep't of Corr.*, No. 2:21-cv-00439-JMS-MG (S.D. Ind.); *Rhoton v. Warden*, No. 2:23-cv-00222-MPB-MJD (S.D. Ind.).

A petitioner may not seek another round of federal collateral review after he has received a decision on the merits in a federal habeas action unless he gets permission from the Seventh Circuit Court of Appeals under 28 U.S.C. § 2244(b). *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). It '"is an allocation of subject-matter jurisdiction to the court of appeals.'" *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)), opinion supplemented on denial of rehearing en banc, 179 F.3d 1024 (7th Cir. 1999). Therefore, "[a] district court must dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing." *Id.* The Court already explained this to Mr. Rhoton in cause number -00222, dkt. 4. And Mr. Rhoton has made no attempt to show that the Seventh Circuit Court of Appeals authorized the filing of this petition.

Therefore, the Court directs Mr. Rhoton to show cause **(1) why this action should not be dismissed as an improper successive habeas action; and (2) why he should not be sanctioned for repeatedly ignoring the directives of this Court with respect to filing successive habeas petitions, including a fine and/or restrictions on any future filings in this Court.** *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (authorizing imposition of

3

sanctions against abusive litigants). Mr. Rhoton must show cause no later than **August 15, 2025**. Moreover, Mr. Rhoton's "motion for clarification", dkt. [6], is **DENIED**, because it is unclear what relief he is seeking.

**SO ORDERED.**

Date: 8/1/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GLENDAL J. RHOTON
110746
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only