UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GLENDAL J. RHOTON, | ) |
|         Petitioner, | ) |
| v. | ) No. 2:25-cv-00170-JPH-MKK |
| STATE OF INDIANA, | ) |
|         Respondent. | ) |

**ORDER DISMISSING ACTION FOR WANT OF JURISDICTION
AND DENYING CERTIFICATE OF APPEALABILITY**

On August 1, 2025, the Court directed Petitioner Glendal J. Rhoton to show cause why this habeas corpus action under 28 U.S.C. § 2254 should not be dismissed for being an improper successive habeas petition. Dkt. 10. The Court also directed Mr. Rhoton to show cause why he should not be sanctioned for repeatedly filing improper successive habeas petitions in this District. *Id.* Mr. Rhoton has filed responses to the show cause order. Dkts. 11, 12.

**I. Dismissal of Petition**

Mr. Rhoton has failed to show cause why this action should not be dismissed as an improper successive habeas petition. As discussed in the show cause order, Mr. Rhoton previously and unsuccessfully sought habeas relief in this District in cause numbers 2:15-cv-00102-WTL-DKL, 2:21-cv-00439-JMS-MG, and 2:23-cv-00222-MPB-MJD. Mr. Rhoton's responses to the show cause order do not contain any indication that he obtained approval for the filing of this action from the Seventh Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3). *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

1

Mr. Rhoton suggests that the filing of this case was triggered by an Indiana Supreme Court decision he became aware of in 2023, *Fix v. State*, 186 N.E.3d 1134 (Ind. 2022). Even if that case was relevant to whether Mr. Rhoton might be entitled to federal habeas relief, a mere change in caselaw does not warrant an exception to § 2244(b)(3). *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court," second petition was successive and required court of appeals approval despite change in Supreme Court caselaw); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (motion contending that change in substantive law warrants relief from conviction after a first habeas proceeding is complete "is in substance a successive habeas petition and should be treated accordingly."). Section 2244(b)(3) is an "allocation of subject-matter jurisdiction to the court of appeals." *In re Page*, 170 F.3d 659, 661 (7th Cir. 1999). The lack of Seventh Circuit approval for this action means it must be dismissed for lack of jurisdiction.

The Court, however, declines to sanction Mr. Rhoton at this time for his repeated filing of improper successive habeas petitions in this District. The Court will accept that Mr. Rhoton might have been confused about whether a change in caselaw means that a second habeas petition would be permitted without approval from the Court of Appeals. *Cf. Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) (holding that claims that were factually "unripe" when first habeas petition was filed may be raised in second habeas petition without it being considered "successive" under § 2244(b)(3)). However, Mr. Rhoton is on notice

2

that further successive habeas petitions that lack approval from the Court of Appeals will not be tolerated.

## II. Conclusion and Denial of Certificate of Appealability

Because this Court lacks jurisdiction over Mr. Rhoton's petition for a writ of habeas corpus, this action is **dismissed for lack of jurisdiction**. Judgment consistent with this Order shall now issue.

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (cleaned up). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Court requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court finds that jurists of reason would not disagree with the Court's conclusion that it lacks jurisdiction over Mr. Rhoton's habeas petition. Therefore, the Court **denies** a certificate of appealability.

**SO ORDERED.**

Date: 9/22/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GLENDAL J. RHOTON
110746
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only